Prudential Insurance Company of America *v.* Pagano, Appellant.

Argued May 1, 1962. Before MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Irwin Paul,* for appellant.

*George M. Brodhead,* with him *Peter C. Paul, J. Welles Henderson,* and *Rawle & Henderson,* for appellee.

474

This is an action to rescind two insurance policies (one life and the other health and accident) on the basis that the insured made fraudulent representations regarding his health.* The court below found that misrepresentations were made and ordered rescission. The defendant appealed. In doing so he raises several issues, one of which has to do with the Act of May 17, 1921, P. L. 682, §318, 40 PS §441, which requires that a correct copy of the application as signed by the applicant be attached to the policy of insurance, and that "unless so attached and accompanying the policy, no such application . . . shall be received in evidence in any controversy between the parties to . . . the policy, nor shall such application . . . be considered a part of the policy or contract between such parties."

The defendant argues that the plaintiff violated this statutory provision because, whereas he had executed two Part II's (one on February 12, 1958, and the other on April 16, 1958) of the application for his health and accident policy, the insurance company attached only one. The plaintiff attached to the policy the Part II which had been executed on February 12th. The defendant maintains that the policy thus did not contain the entire application and therefore should not have been admitted in evidence. However, it is unquestioned that the Part II executed on April 16th was, for all

---

* In the application for the policies issued April 14, 1958 and April 28, 1958, defendant answered "no" to several questions relating to hospitalizations, x-rays, electrocardiograms, heart trouble, etc. As a matter of fact, defendant had been hospitalized in September, 1957, only a few months prior to his making said answers, and his condition was then diagnosed as rheumatic heart disease and mitral valvular stenosis. On that occasion he also had x-rays, electrocardiograms and other laboratory tests. The chancellor found that defendant had been told by his physician of the heart condition and that he had falsely made the answers in the application.

practical purposes, an identical copy of the one exe-
cuted on February 12th, so that the purport of the
statute was not violated. In *Ross v. Metropolitan Life
Ins. Co.,* 403 Pa. 135, this Court said that though the
statute is to be strictly construed in favor of the in-
sured, it "must nevertheless be reasonably interpreted."

The defendant next argues that the policies (with
the applications) should not have been received in evi-
dence before the *defendant* had the opportunity to prove
that the applications had been executed after the ques-
tions therein contained had been answered by the in-
sured. However, in his answer the defendant admitted
the correctness of the policies and his executions of the
applications. These admissions were placed in evi-
dence.

The defendant complains of several trial errors. He
says that the chancellor erred in not allowing the de-
fendant to cross-examine the examining doctor, Dr.
Sheetz, with regard to the extent of the physical exam-
ination conducted by him. Dr. Sheetz's testimony was
introduced for but one purpose and that was to prove
that the defendant had answered each and every ques-
tion on Part II of the application for the life insurance
policy. Such cross-examination could not be justified
on the basis that it was relevant to proving reliance on
the medical examiner's report since such evidence could
not have relieved the defendant from the consequences
of his own fraudulent misrepresentations. Even where
there is a sound-health clause in the policy and the
insurer makes an examination of the insured, the in-
surer is not estopped to repudiate liability because of
defective status of the health of the insured at the time
where there have been "misrepresentations or fraudu-
lent statements on his part". (*Prudential Ins. Co. v.
Kudoba,* 323 Pa. 30, 35.)

Nor do we see any reversible error in the with-
drawal from evidence, after having been identified, of

the Part II executed April 15, 1958. The defendant contends that this exhibit had been used to lay the basis and foundation for the testimony of Dr. Donauer, plaintiff's evaluation doctor, and hence it should not have been withdrawn while allowing the doctor's testimony with regard to it, to remain. The record, however, shows that Dr. Donauer's testimony had to do with regard to the Part II executed February 12, 1958, which was properly in evidence, as heretofore discussed.

The record substantiates the chancellor's finding that the defendant did make material fraudulent material misrepresentations with regard to his medical history and condition of health and that the plaintiff company was entitled to a rescission of the policies for that reason. We find no trial errors requiring a re-trial of the cause.

Decree affirmed; each party to bear own costs.

Mr. Justice COHEN dissents.